MARY E. HAWES *vs.* BARBARA H. PENDRAK, administratrix. April 30, 1982. By her complaint in this action the plaintiff seeks to recover for services rendered to the decedent from 1957 to the time of his death in 1977. The case was tried to a master whose findings of fact were to be final and who was not to report the evidence. The master's report was adopted by a Superior Court judge, and judgment was entered for the amount found by the master. No question is raised on appeal as to the several orders of the judge disposing of the defendant's motions concerning that report.

All of the arguments of the defendant which are properly before us (see *Michelson* v. *Aronson*, 4 Mass. App. Ct. 182, 185-190 [1976]) are disposed of adversely to the defendant in *Green* v. *Richmond*, 369 Mass. 47 (1975). The master in the present case did not find in so many words that "the sexual aspect of the relationship between the plaintiff and the decedent was no part of the bargain between the two, and no more than incidental to their relationship," *id*. at 55, but it is clear from his report that he did so find. In the first paragraph of his subsidiary findings, he itemized in detail the various "tasks" performed by the plaintiff for the decedent, none of which had any sexual connotation. In the penultimate sentence of the concluding paragraph of his subsidiary findings, he found that "some of the services were rendered out of love and affection rather than as a quid pro quo of services for financial consideration." This we regard as a genteel way of stating that sexual favors were not a part of the contract and were performed without expectation of financial reward.

The defendant has also appealed from an order denying her motion for a new trial but has advanced no argument on it. We consider it waived.

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*

*Alan A. Green* for the plaintiff.
*Robert A. Bianchi* (*Anthony R. Bott* with him) for the defendant.